E-FILED
Friday, 12 September, 2008  08:55:00 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| SHANE T. WATKINS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 07-cv-1062 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N & O R D E R

Petitioner, Shane Watkins, is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 2]. Petitioner has filed the following additional motions in this matter: Motion for recusal of Judge Joe B. McDade [Doc. 17]; Motion requesting certification for interlocutory appeal of two orders regarding the production of transcripts [Doc. 18]; Motion for extension of time to file an amended section 2255 motion [Doc. 19]; Amended Section 2255 Motion [Doc. 22]. For the reasons that follow, the Motion for recusal is DENIED, the Motion for certification is DENIED, and the Motion for extension of time is GRANTED. Further, Petitioner's original section 2255 motion, filed on March 19, 2007, is MOOT in light of the Amended Section 2255 Motion, filed on March 28, 2008.

Additionally, pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has considered the grounds set forth in the Amended Section 2255 Motion and has

decided that there could be merit to some of those grounds.  As a result, Respondent shall file an answer or responsive pleading within sixty (60) days.  Respondent should address any facts which would establish whether Petitioner has procedurally defaulted any of his claims.  In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## I.  DISCUSSION

**1. Motion for Recusal**

Petitioner moves the Court, pursuant to 28 U.S.C. § 144 and §455, requesting that Judge Joe Billy McDade recuse himself from presiding over Petitioner's section 2255 proceeding.  The motion for recusal fails under either statute.

A.  <u>Recusal Under 28 U.S.C. § 144</u>

As required under section 144, Petitioner attaches an affidavit, asserting that Judge McDade has personal animus toward him.  <u>See</u> Mtn. for Recusal, Watkins Aff. ¶ 5.  Petitioner asserts that Judge McDade has demonstrated such animus by impeding Petitioner's ability to access the records of his underlying criminal proceedings ("trial records").  <u>See</u> Watkins Aff. ¶ 6.  Petitioner further asserts that because his section 2255 motion calls into question Judge McDade's handling of the underlying criminal trial, recusal is warranted.  <u>See</u> Mtn. for Recusal at p. 2; Watkins Aff. ¶ 4.

First, a judge is not required to recuse himself, pursuant to section 144, from ruling on a section 2255 post-conviction motion simply because that judge presided

over the petitioner's criminal trial.  See Tezak v. U.S., 256 F.3d 702, 718 (7th Cir. 2001).  "The general presumption is that judges rise above any potential biasing influence."  Id.  In order for Petitioner's motion for recusal to succeed under section 144, Petitioner must identify, in an attached affidavit, specific facts tending to show that Judge McDade harbors personal resentment toward him.  See id. at 717.  Petitioner has failed to meet this standard.

Petitioner's core assertion in support of recusal is that Judge McDade has demonstrated resentment toward him by issuing orders in the instant habeas proceeding that have impeded access to his trial records.  This assertion is simply inaccurate.  The Court has gone out of its way to provide Petitioner with the materials and time needed to draft and file a satisfactory section 2255 motion.  The Court granted Petitioner's September 5, 2007 motion to compel, ordering the Federal Public Defender's Office to mail Petitioner's trial and sentencing transcript, along with other documentation, to the Warden at McCreary Penitentiary, where Petitioner is incarcerated.  See Order of December 21, 2007.  Further, the Court has twice afforded Petitioner extra time in which to review the transcripts and file a section 2255 motion that sets forth an adequate factual basis for his claims.  See Order of December 21, 2007; Order of January 16, 2008.  Because Petitioner has not adequately demonstrated that Judge McDade harbors personal ill will toward him, the motion for recusal under section 144 is denied.

B. *Recusal under 28 U.S.C. § 455*

28 U.S.C. §455(a) requires a judge to recuse himself when presiding over a case creates the reasonable appearance of impropriety. O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 988 (7th Cir. 2001). Additionally, section 455(b)(1) requires a judge to recuse where he has personal prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. In the instant case, the mere fact that Judge McDade presided over Petitioner's criminal trial does not alone create the reasonable appearance of impropriety as to the Judge's impartiality in this matter. See United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). Nor does that fact, by itself, require the Judge to recuse under §455(b)(1). See Pri-har v. United States, 83 F. Supp.2d 393, 397 (S.D.N.Y. 2000). In order for the motion for recusal to succeed, then, Petitioner must point to specific facts that (1) would make it appear objectively improper for the Judge to rule on Petitioner's section 2255 motion or (2) demonstrate the Judge's personal bias against Petitioner. Because Petitioner has not pointed to any specific instances of bias or animus that would create reasonable doubt as to Judge McDade's impartiality in this case, the motion for recusal is denied under section 455.

**2. Motion Requesting Certification for Interlocutory Appeal**

Petitioner seeks to appeal the Court's Order of December 21, 2007 [Doc. 13], which granted Petitioner access to trial and sentencing transcripts. Petitioner previously asked the Court to reconsider that order, objecting to, among other things, the temporal limitations and custodial requirements placed upon the trial

4

records.  The Court denied Petitioner's motion to reconsider on January 16, 2008.  Petitioner also seeks to appeal that decision.

The Court is not authorized to certify for appeal the orders to which Petitioner objects.  The Court's December 21 and January 16 Orders are not "final decisions" or "collateral orders" and are, therefore, not appealable under 28 U.S.C. § 1291.  <u>Lauro Lines S.R.L. v. Chasser</u>, 490 U.S. 495, 497 (1989).  These orders do not end the litigation on the merits or conclusively determine any issue in the case.  <u>See id.</u> at 498.  Further, the orders do not involve a controlling question of law as to which there is a substantial ground for difference of opinion and are, therefore, not appealable under 28 U.S.C. §1292(b).  Because the Court is not authorized to certify the December 21 and January 16 Orders for interlocutory appeal, Petitioner's motion for certification is denied.

**3. Motion for Extension of Time to File Amended Section 2255 Motion**

Petitioner has moved the Court for leave to file an Amended Section 2255 Motion beyond the March 1, 2008 deadline set in the Court's Order of January 16, 2008.  Petitioner filed the motion for extension of time on February 22, 2008, within the original deadline set by the Court.  In the motion for extension, Petitioner states that he did not receive trial records from the Federal Public Defender's Office until February 8, 2008.  Petitioner subsequently filed his Amended Section 2255 Motion on March 28, 2008 without leave from this Court to do so.

Because Petitioner asserts good cause for his inability to meet the March 1, 2008 filing deadline, the motion for extension is GRANTED.[1]

## II.  CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion for recusal is DENIED, the Motion for certification is DENIED, and the Motion for extension of time is GRANTED.  Petitioner's original section 2255 motion [Doc. 2] is MOOT in light of the Amended Section 2255 Motion [Doc. 22].  Respondent shall file within sixty (60) days an answer or responsive pleading that meets the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The clerk is directed to mail a copy of this Order to Petitioner.  The clerk is further directed to serve, by certified mail, a copy of the Amended Section 2255 Motion upon Respondent.  Petitioner shall serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

ENTERED this <u>11th</u> day of September, 2008.

<u>s/ Joe B. McDade</u>
Joe Billy McDade
United States District Judge

---

[1] Petitioner was wrong to file the Amended Section 2255 Motion late without permission from the Court.  The Court could strike the motion for that reason alone.  However, in the interests of justice and efficiency, the Court will recognize the Amended Motion.